**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIPE MACIAS-ROBLES,<br><br>                                   Petitioner,<br><br>       vs.<br><br>UNITED STATES OF AMERICA,<br><br>                                   Respondent. | CASE NO. 06 CV 1344 JM<br>CRIM. NO. 06 CR 0133 JM<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Petitioner, proceeding <u>in propia persona</u>, moves to vacate his sentence under 28 U.S.C. § 2255. He appears to argue that he received ineffective assistance of counsel because his 27-month sentence was 12 months longer than that to which he agreed in his plea agreement. He also argues that illegal aliens cannot be subjected to supervised release. The government opposes the motion. For the reasons set forth below, the court hereby **DENIES** the motion.

**I.      BACKGROUND**

Pursuant to a written plea agreement, Petitioner pleaded guilty on February 9, 2006 to one count of encouraging or inducing an illegal alien to enter the United States, and aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv) and (v)(II).  (Resp., Exh. 2 ("Plea Agreement") at 2.) The plea agreement provided that the parties would jointly recommend a base offense level of 12, a two-level downward departure for acceptance of responsibility, a four-point upward departure for

uncharged conduct,[1] and a two-level downward departure for fast-track disposition, amounting to a total offense level of 12.  (Id. at 9-11.)  In exchange for Petitioner's guilty plea, the government agreed not to charge Petitioner with violating 8 U.S.C. § 1324(a)(2)(B)(ii), which would carry a five-year mandatory minimum sentence.  (Id. at 5.)  The plea agreement also provided,

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing.

(Id. at 12.)

During the February 9, 2006 plea colloquy before Magistrate Judge Ruben B. Brooks, Petitioner indicated that he understood he was giving up his right to appeal and collaterally attack and that he otherwise understood the plea agreement in its entirety.  (See, e.g., Resp., Exh. 3 ("Plea Colloquy") at 7.)  Magistrate Judge Brooks found that Petitioner was competent to enter the plea and had entered into the plea agreement "knowingly and voluntarily with a full understanding of the charge, [Petitioner's] rights, and the consequences of the plea."  (Id. at 11.)  On May 10, 2006, this court accepted Petitioner's guilty plea and sentenced Petitioner to 27 months in prison, followed by a three-year term of supervised release.  (Minute Order of May 10, 2006 (Doc. no. 22); Judgment (Doc. no. 23).)  This sentence did not exceed the applicable sentencing range of 27-33 months.  (See Resp., Exh. 4 ("Judgment and Sentencing Hearing") at 9.)  The court advised Defendant, "I have sentenced you under the agreement you have entered into and in such a way that you have waived your right to appeal or in any other way attack or challenge both the conviction based on your plea of guilty in this case as well as the sentence imposed[.]"  (Id. at 10-11.)  Defendant stated that he understood these facts.  (Id. at 11.)

In his § 2255 motion, Petitioner claims that he signed a plea agreement under which he would be sentenced to 15 months in prison, but that the court ultimately sentenced him to 27 months.  In support of his arguments, he includes a legal brief that appears to relate not to this case but to Case

---

[1]In regard to the uncharged conduct, the plea agreement states, "defendant was apprehended on this occasion smuggling additional illegal aliens, and has been apprehended numerous other times attempting to smuggle illegal aliens for which defendant was not prosecuted."  (Plea Agreement at 11.)

06cv1344/06cr0133

No. 05cr0386 – another criminal case involving Petitioner.  (See Mot. at 9 ("Defendant's Objection to the Court's Imposition of Probation/Supervised Release because the Relevant Statute 8 U.S.C. Sec. 1326 Does Not Mandate the Imposition of that Separate Sentence").)[2]

Respondent construes the petition as claiming ineffective assistance of counsel and opposes it on the following three grounds: (1) Petitioner's claims are time-barred; (2) Petitioner waived his right to collaterally attack his sentence and conviction; and (3) Petitioner's ineffective assistance of counsel argument fails on the merits.

## II.    DISCUSSION

### A.    Petitioner's Claims Are Not Time-Barred

Respondent claims that the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 bars Petitioner's claims.  See 28 U.S.C. § 2255(f).  Petitioner's judgment of conviction became final on May 15, 2006.  Petitioner signed his § 2255 motion on June 12, 2006, and the motion was filed on July 6, 2006.  The court ordered service of the motion and the court's scheduling order on October 15, 2007.  The government inaccurately claims that the motion was not signed and served until June 12, 2007.  Because Petitioner moved for § 2255 relief within a year of the date on which his conviction became final, Petitioner's claims are not time-barred.

### B.    Petitioner Waived His Right to Collateral Attack

Respondent argues that Petitioner cannot collaterally attack his sentence because he waived his right to do so in his plea agreement.  Petitioner's § 2255 motion does not address this issue.

Section 2255 provides, in relevant part,

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

---

[2]In Case No. 05cr0386, Petitioner pleaded guilty to one count of making a false statement, in violation of 18 U.S.C. § 1001, in exchange for the government's agreement not to prosecute Petitioner under 8 U.S.C. § 1326.  United States v. Macias-Robles, No. 05cr0386 (S.D. Cal. Mar. 24, 2005), Plea Agreement (Doc. no. 10) at 1; see also id., Minute Order of May 30, 2006 (Doc. no. 26) (revoking supervised release).

The knowing and voluntary waiver of a defendant's statutory right to challenge a sentence under § 2255 is enforceable.  United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (waiver foreclosed challenge to sentence length); see also United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) (plea agreement must explicitly waive right to bring 2255 motion).  The Ninth Circuit has indicated that exceptions to this rule may exist in limited circumstances, including where a § 2255 petition challenges a plea agreement's validity by way of an ineffective assistance of counsel or involuntariness claim.  See, e.g., Washington v. Lampert, 422 F.3d 864, 870-71 (9th Cir. 2005); United States v. Jeronimo, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005).  In Pruitt, the Ninth Circuit "doubt[ed] that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accepted a particular plea bargain" but noted that a waiver to collaterally attack a sentence based "only [on] counsel's alleged mishandling of the sentencing proceedings" is enforceable.  32 F.3d at 433.

Although the plea agreement here does not specifically mention § 2255, see Pruitt, 32 F.3d at 433, its language clearly embraces a waiver of any collateral attack on Petitioner's sentence, including a § 2255 motion.  See United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (defendant waived statutory right to appeal incorrect application of Sentencing Guidelines even though plea agreement did not specifically mention this right; to find otherwise "would render the waiver meaningless").  The record suggests that Petitioner's waiver was knowing and voluntary.  Thus, to the extent that Petitioner seeks relief on grounds other than ineffective assistance of counsel or involuntary waiver of his § 2255 rights, the court finds that Petitioner's waiver is enforceable.

In regard to Petitioner's ineffective assistance of counsel claim, the government argues that this court should follow the dicta in Pruitt, consistent with the Fifth, Sixth, Seventh, and Tenth Circuits (Resp. at 8-10), and hold that an ineffective assistance of counsel exception to collateral attack waivers is limited to those cases directly implicating the validity of the waiver or the plea itself, and not to alleged sentencing errors (as long as the actual sentence imposed is consistent with the plea agreement).  See United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002); Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000).  The government also cites

1   United States v. Broce, 488 U.S. 563 (1989), in which the Supreme Court reasoned,

2           A plea of guilty and the ensuing conviction comprehend all of the factual and legal
            elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.
3           Accordingly, when the judgment of conviction upon a guilty plea has become final and
            the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to
4           whether the underlying plea was both counseled and voluntary. If the answer is in the
            affirmative then the conviction and the plea, as a general rule, foreclose the collateral
5           attack.

6   Id. at 569.

7           In light of the errors alleged by Petitioner, the court concludes that he has validly waived his

8   right to collaterally attack the sentence.  The only arguments raised by Petitioner attack alleged

9   deficiencies at sentencing.  Petitioner does not challenge the voluntariness of his waiver or otherwise

10  inform the court of any other reasoned basis to invalidate the waiver.  Seen in this light, the court

11  concludes that Petitioner has validly waived his right to collaterally attack his sentence. See Williams

12  v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (upholding the validity of a waiver of appellate

13  and collateral relief because "a contrary result would permit a defendant to circumvent the terms of

14  the sentence – appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective

15  assistance, thus rendering the waiver meaningless").

16          **C.      Petitioner Fails to Demonstrate Ineffective Assistance of Counsel**

17          Even if Petitioner did not validly waive his right to assert such sentencing-related claims, his

18  ineffective assistance of counsel claims fail on the merits.  To prevail on a claim of ineffective

19  assistance, Petitioner must demonstrate that his counsel's performance "fell below an objective

20  standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 688 (1984).  Furthermore,

21  Petitioner must show a "reasonable probability that, but for the counsel's unprofessional errors, the

22  result of the proceeding would have been different." Id. at 694.  A strong presumption exists against

23  a finding of ineffective assistance, and Petitioner "must overcome the presumption that, under the

24  circumstances, the challenged action might be considered sound trial strategy."  Id. at 690 (internal

25  quotation omitted).  To establish prejudice, a defendant who pleaded guilty must demonstrate "that

26  his attorney's representation fell below an objective standard of reasonableness and that, but for the

27  errors, he would not have pleaded guilty and would have insisted on going to trial." United States v.

28  Freeny, 841 F.2d 1000, 1002 (9th Cir. 1988).

Petitioner argues that his counsel rendered ineffective assistance because Petitioner "signed a deal for 15 months in jail and the day of [] sentencing, [Petitioner] ended up geting (sic) 27 months in jail." (Mot. at 6.) He also appears to argue that he received ineffective assistance because "there is no probation for illegal aliens." (Id. at 5.) These arguments lack evidentiary support and fail to establish that counsel's performance fell below the Strickland standard. Petitioner presents no evidence indicating that his plea agreement guaranteed a 15-month sentence. The plea agreement set forth a total offense level of 12, made no guarantees as to Criminal History Category, and required the government to recommend the low end of the guideline range. (Plea Agreement at 9-11.) The agreement also explicitly stated that "the sentence is within the sole discretion of the sentencing judge." (Id. at 9.) Petitioner ultimately received the low end of the guideline range when the court applied a Criminal History Category of five. (Judgment and Sentencing Hearing at 9-10.) The evidence allows no room for a colorable claim that the parties had agreed to a 15-month sentence. Nor was the imposition of supervised release unlawful. See United States v. Huerta-Pimental, 445 F.3d 1220 (9th Cir. 2006) (holding that supervised release is constitutional and affirming supervised release imposed against illegal alien).[3] Finally, the court notes that Petitioner and his counsel affirmed at the time of sentencing that the sentence actually imposed fully complied with the terms of the plea agreement. Petitioner received the sentence for which he bargained.

The court also concludes that Petitioner fails to identify any prejudice within the meaning of Strickland. Petitioner fails to demonstrate that but for counsel's alleged failure he would not have pleaded guilty and would have insisted on going to trial. Petitioner's 27-month sentence was the result of upward and downward departures provided for in the plea agreement. He received a sentence at the low end of the guideline range based on the stipulated total offense level and the applicable Criminal History Category. As in Freeny, it is "improbable that [defendant] would have chosen to go to trial or, if convicted, would have received a sentence less than" the sentence he actually received. Freeny, 841 F.2d at 1002.

//

---

[3]The court also agrees with the government's contention that many of the claims in Petitioner's "typewritten addendum contain no factual specificity or support." (Resp. at 12 n.1.) The court therefore denies these irrelevant claims.

1   //

2   **III.     CONCLUSION**

3          In sum, the court hereby **DENIES** the motion to correct, set aside, or modify the sentence.  The

4   Clerk of Court is instructed to close the file.

5          **IT IS SO ORDERED.**

6   **DATED:  April 25, 2008**

7                                                                    _____

8                                                                    **Hon. Jeffrey T. Miller**
                                                                     **United States District Judge**

9
10  cc:          All parties

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06cv1344/06cr0133